IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

**ORIGINAL**
**FILED IN CLERK'S OFFICE**
U.S.D.C. - Atlanta

AUG - 8 2011

JAMES N. HATTEN, Clerk
By: *Eliza Bankhead*
                    **Deputy Clerk**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INFORMATION |
| v. | : | |
| | : | NO. 1:11-CR-379 |
| HECTOR XAVIER MONSEGUR | : | |
| a/k/a Sabu | : | UNDER SEAL |
| a/a/a Xavier DeLeon | : | |
| a/k/a Leon | : | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/2/11

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT ONE

On or about June 3, 2011, the exact date being unknown to the government, in the Northern District of Georgia, the Southern District of New York, and elsewhere, the defendant,

HECTOR XAVIER MONSEGUR
a/k/a Sabu
a/k/a Xavier DeLeon
a/k/a Leon,

aided, abetted, and assisted by others known and unknown to the government, willfully and knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally and without authorization caused damage to a protected computer which is used in and affecting interstate and foreign commerce, and thereby caused loss to one or more persons during a one-year period aggregating at least $5,000 in value, to wit, the defendant, HECTOR XAVIER MONSEGUR, while using a computer located in New York, New York, together with others, accessed

without authorization a computer server in Englewood, Colorado and elsewhere belonging to the Atlanta, Georgia chapter of the Infragard Members Alliance, an information sharing partnership between the Federal Bureau of Investigation and private industry, and stole confidential information and caused at least $5,000 in damage, all in violation of Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(B)(i), and 2.


SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


DAVID M. CHAIKEN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000
Georgia Bar No. 118618

FORM OBD-101    Formerly USA-18
8-27-74

## RULE 20—TRANSFER NOTICE

| TO:<br>Sally Quillian Yates, USA, NDGA<br>By: David Chaiken, AUSA | DISTRICT<br><br>NDGA | DATE<br><br>August 4, 2011 |
|---|---|---|
| NAME OF SUBJECT<br>Hector X. Monsegur | STATUTE VIOLATED<br>18 USC 1030 | FILE DATA (Docket and Number)<br>11 Cr. 666 (LAP) |

### PART A—DISTRICT OF ARREST

[X]  The above-named subject has been apprehended in this jurisdiction and indicates amenability to Rule 20 disposition of the charges pending against him in your district.   Kindly indicate whether you are agreeable to Rule 20 disposition and forward two certified copies of indictment or information if any.

[ ]  Enclosed is certified copy of waiver of indictment executed by defendant.   Kindly file criminal information and forward two certified copies thereof.

[X]  Enclosed is Consent to Transfer form executed in duplicate (one copy for your files) by defendant and the United States Attorney in the district of arrest.   Kindly add your consent and have the Clerk of your district transmit the papers in the proceedings or certified copies thereof to the Clerk of the Court in this district in accordance with Rule 20.   Docket No. 11 Cr. – 379

[ ]  Other (Specify):

[ ]  The above-named defendant entered a plea of guilty under Rule 20.
DATE OF PLEA          DATE OF SENTENCE          SENTENCE

| FROM (Signature and Title)<br>Preet Bharara, U.S. Attorney, SDNY<br>By: James Pastore, AUSA | ADDRESS<br>One St. Andrew's Plaza<br>New York, NY 10007 |
|---|---|

### PART B—DISTRICT OF OFFENSE

[X]  I am agreeable to Rule 20 disposition.

[ ]  I am not agreeable to Rule 20 disposition.   Defendant's appearance is desired at
on                    at                    o'clock.
(Kindly notify me of any anticipated delay.)

[X]  Enclosed are two certified copies of indictment or information.   Docket No. 1:11-CR-379

[ ]  Please have defendant execute waiver of indictment.

[ ]  Other (Specify):

| SIGNATURE (Name and Title)<br>Sally Quillian Yates, USA, NDGA<br>By: David Chaiken, AUSA | DISTRICT<br>NDGA | DATE<br>8/8/11 |
|---|---|---|

See United States Attorneys Manual, Title 2, pp. 11-16.2 and United States Attorneys Bulletin (Appendix) Vol 9, No. 20, October 6, 1961, for an explanation of procedure under Rules 7 and 20, Federal Rules of Criminal Procedure.  See also Title 4, p 44.1, United States Attorneys Manual

DOJ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG - 8 2011

JAMES N. HATTEN, Clerk
By: Denza Bankhead
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INFORMATION |
| v. | : | |
| | : | NO. 1:11-CR-379  RECEIVED |
| HECTOR XAVIER MONSEGUR | : | |
| a/k/a Sabu | : | **UNDER SEAL**   AUG 11 2011 |
| a/a/a Xavier DeLeon | : | |
| a/k/a Leon | : | |

LORETTA A. PRESKA
CHIEF U.S. DISTRICT JUDGE
S.D.N.Y.

## MOTION TO SEAL CRIMINAL INFORMATION AND RELATED FILINGS, AND FOR "JOHN DOE" DOCKETING

Comes now the United States of America, by and through counsel, Sally Quillian Yates, United States Attorney, and David M. Chaiken, Assistant United States Attorney for the Northern District of Georgia, and respectfully files this Motion to Seal Criminal Information and Related Filings, and for "John Doe" Docketing, showing the Court as follows:

1.

The United States is investigating a series of computer network intrusions and distributed denial of service attacks that are believed to have been executed by a group of computer hackers known as "Lulz Security," or "LulzSec," throughout the U.S. and internationally between March 2011 and July 2011, including an attack on an FBI-affiliated website in the Northern District of Georgia, the Infragard Atlanta Members Alliance website, that took place on or about June 3, 2011.



2.

On June 7, 2011, federal agents in the Southern District of New York arrested the defendant, HECTOR XAVIER MONSEGUR, on charges relating to the investigation.   The defendant is believed to be the leader of LulzSec.

3.

The defendant is actively cooperating with the government and has indicated an intent to continue cooperating proactively with the government.   The defendant has provided the government with detailed information about LulzSec and certain individuals who are suspected of being involved in network intrusions and distributed denial of service attacks.

4.

Pursuant to a negotiated plea agreement with the government, on August 4, 2011, the defendant waived formal indictment in open court in the United States District Court for the Southern District of New York to permit the filing of Criminal Informations against him in the United States District Courts for the Southern District of New York, Central and Eastern Districts of California, Northern District of Georgia, and Eastern District of Virginia.   Further, the defendant consented to the transfer of all of the charges against him to the Southern District of New York for purposes

of a guilty plea, pursuant to Rule 20 of the Federal Rules of
Criminal Procedure.

5.

Given security concerns and to protect the integrity of
the investigation, the defendant's initial appearance in the
Southern District of New York took place under seal, the
courtroom was closed to the public, all filings were made
under seal, and the Southern District of New York clerk's
office was ordered to caption the public docket in the name of
"John Doe," rather than in the defendant's true name.

6.

The defendant's cooperation with the government remains
ongoing, including in a proactive and undercover capacity.

7.

The government anticipates that the investigation may
result in the identification of additional targets and
additional charges in one or more federal districts.
Additionally, the investigation to date has been subjected to
intense media scrutiny, and is a matter of great public
interest, both in the United States and internationally.

8.

Due to the defendant's ongoing cooperation, the ongoing
nature of the investigation, and the intense public interest
in the investigation, premature disclosure of the plea

3

agreement with the defendant and the charges against him,
which will necessarily be revealed through the Criminal
Information, Waiver of Indictment, and Rule 20 paperwork being
filed concurrently herewith, will significantly compromise the
investigation by eliminating the government's ability to make
use of the defendant's proactive cooperation, alerting
potential suspects and witnesses to the precise matters being
reviewed and the status of the investigation to date, and
possibly causing suspects or witnesses to attempt to evade law
enforcement or even flee to avoid investigation or
prosecution.

9.

In addition, premature disclosure of the plea agreement
and the charges against the defendant raise security concerns
that are somewhat unique to this investigation. Specifically,
the FBI believes that the investigative targets who are the
subject of the defendant's proactive cooperation include
certain computer hackers who monitor public court dockets to
gather intelligence and gauge their law enforcement exposure.
Further, the FBI believes that certain of the individuals
under investigation are known to engage in reprisals against
law enforcement and to retaliate against other individuals who
are believed to be assisting or cooperating with the
government.   Among other measures, the hackers are known to

4

hack into social networking websites, email accounts, and other sources in order to obtain personal information about their target and his family members, and then publicly disseminate that information on the Internet, including home addresses and phone numbers, email addresses and passwords, and birth dates. The publicly available information may then be used to harass the cooperator and the cooperator's family in a variety of ways, ranging from causing hundreds of pizzas to be delivered to their homes, to triggering the deployment of a law enforcement SWAT team to their home based on the reporting of a phony hostage situation, referred to as "SWATTING." SWATTING creates a substantial risk of danger for the cooperator, the cooperator's family, and law enforcement.

10.

The government further requests that the Court direct the clerk to omit the name and office affiliation (e.g., FDP New York) of the defendant's counsel, a court-appointed attorney with the Federal Public Defender Program in the Southern District of New York, from the Court's public docket until further order of the Court. Given public information that is known about the defendant, he appears to be the only member of LulzSec believed to reside in the Southern District of New York. Accordingly, if hackers monitoring PACER locate a docket showing recent computer hacking charges under 18 U.S.C.

5

§ 1030(a)(5), filed against a "John Doe" defendant in Atlanta, the site of one of LulzSec's highest-profile attacks, where the defendant is represented by a Federal Public Defender in the Southern District of New York and all of the filings are sealed, the hackers may correctly conclude that the defendant has been charged with the Atlanta Infragard attack and is cooperating with law enforcement in New York.

11.

The requested relief does not improperly infringe upon the First Amendment or common law rights of access to the courts because the compelling law enforcement interest in preserving the integrity and confidentiality of a federal grand jury investigation outweighs those interests. Further, this Motion does not request the wholesale sealing of the pleadings and the entire docket in this case. Instead, this Motion requests a public docket captioned as United States v. John Doe. This request is intended to comply with Eleventh Circuit precedent prohibiting the indefinite sealing of criminal dockets in a manner that would create a parallel system of "shadow" or "secret" dockets completely hidden from the public. See United States v. Ochoa-Vasquez, 428 F.3d 1015, 1027-28 (11th Cir. 2005); United States v. Valenti, 987 F. 2d 708, 715 (11th Cir. 1993). By contrast, the docketing requested here would provide sufficient information for a

member of the public to learn of the existence of the case and
challenge its sealing.

12.

The undersigned Assistant United States Attorney has
conferred with Northern District of Georgia Clerk of Court
James N. Hatten and Supervisor Denza Bankhead about the relief
requested herein, and has confirmed that the Northern District
Clerk's Office is amenable to, and capable of, docketing the
case in conformance with this request, upon an appropriate
order from the Court.

13.

Accordingly, the government respectfully requests that
the Court enter the attached order directing that

(a) these proceedings be docketed as United States v.
John Doe, No. 1:11-CR-379 on the Court's public docket;

(b)  the name and office affiliation (e.g., FDP New York)
of the defendant's counsel be omitted from the public docket;
and

(c)  this Motion and any ensuing order to seal, the
defendant's Waiver of Indictment, Criminal Information No.
1:11-CR-379, Defendant Information Sheet, Consent to Transfer
Case for Plea and Sentence, Rule 20 Transfer Notice, and any
ensuing orders or docket entries necessary to execute the
transfer be filed under seal and noted on the public docket as

7

"sealed filing" or its equivalent, until further order of this Court.

14.

The government does not intend for the charges against the defendant and the nature of his cooperation to be kept under seal indefinitely.  Rather, the government anticipates that, once the defendant's cooperation ceases, either due to the arrest and prosecution of additional targets or otherwise, the government will move to unseal the pleadings and correct the public docket to reflect the defendant's true name.

15.

The undersigned is informed that, in discussions with Assistant United States Attorneys in the Southern District of New York, the defendant's counsel in the Southern District of New York has consented to sealing of these proceedings and captioning as <u>United States v. John Doe</u> to protect the defendant's ability to cooperate and ensure his safety.

**CONCLUSION**

WHEREFORE, the United States of America respectfully requests that the Court enter the attached order sealing these proceedings as set forth in the order.

Respectfully submitted, this 8th day of August, 2011.

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

DAVID M. CHAIKEN
ASSISTANT UNITED STATES ATTORNEY

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6000
(404)581-6181 (Fax)

Georgia Bar No. 118618

9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG - 8 2011

JAMES N. HATTEN, Clerk
By: _Denya Barkhead_
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INFORMATION |
| v. | : | |
| | : | NO. 1:11-CR-379 |
| HECTOR XAVIER MONSEGUR | : | |
| a/k/a Sabu | : | UNDER SEAL |
| a/a/a Xavier DeLeon | : | |
| a/k/a Leon | : | |

**RECEIVED**

AUG 1 1 2011

LORETTA A. PRESKA
CHIEF U.S. DISTRICT JUDGE
S.D.N.Y.

<u>ORDER</u>

Having read and considered the government's Motion to Seal Criminal Information and Related Filings, and for "John Doe" Docketing, and for good cause shown, the government's Motion is hereby GRANTED, as set forth below.

**I.   Governing Authority**

"The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005) (quoting *Globe Newspaper Co. v. Superior Court for the County of Norfolk*, 457 U.S. 596, 603 (1982)). While there is a presumption of openness, this presumption may be rebutted if the proponent of the seal can establish "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 1030 (quoting *Press-Enterprise Co. v.*

1

*Superior Court of California, Riverside County,* 464 U.S. 501, 510 (1984)). When sealing criminal proceedings or documents, a court must articulate the overriding interest "along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* The Eleventh Circuit has opined that these findings "should include[, among other facts,] the reason for the closure . . . [and] the evidence that supports the need for the closure" (*id.* at 1030 n.16 (quoting *Douglas v. Wainwright*, 714 F. 2d 1532, 1546 n.16 (11th Cir. 1983)), except to the extent that disclosing the reasons would "reveal sensitive information that, if publicized, would defeat the purpose of keeping the proceeding or record sealed in the first place." *Id.*

## II. Factual Findings

Based on the facts set forth in the government's Motion to Seal, the Court finds that the government has presented "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest" sufficient to rebut the presumption of openness that applies to federal criminal proceedings.

The proceedings for which the sealing and "John Doe" docketing are requested relate to an ongoing investigation. The crimes being investigated have drawn public scrutiny, and certain targets of the investigations are known to monitor court dockets to gauge their own exposure and/or embarrass, harass, and potentially retaliate

2

against, cooperators.

Most importantly, the defendant in the above-captioned proceedings is cooperating with law enforcement proactively and in an undercover capacity, and the public disclosure of these proceedings, the defendant's identity, the nature of the charges, and other information would eliminate the defendant's ability to work undercover on behalf of the government to identify targets and help gather evidence.  It could also potentially subject the defendant to reprisals and retaliation by other targets, even giving rise to physical safety concerns.  Disclosure at this time would also alert potential suspects and witnesses to the precise matters being reviewed and the status of the investigation to date, and possibly cause suspects or witnesses to attempt to evade law enforcement or even flee to avoid investigation or prosecution.

The government does not intend for the proceedings to be kept under seal indefinitely, but intends to move to unseal them as soon as the defendant's cooperation ceases, either due to the arrest and prosecution of additional targets or otherwise.  At that time, the government will also move to unseal the pleadings and correct the public docket to reflect the defendant's true name.

Given that the investigation is only a few months old at this stage, and is ongoing, the government has also demonstrated good cause for the sealing to last an initial period of ninety days, subject to further extensions upon an appropriate showing from the

3

government.

The government has represented to the Court that the defendant's counsel has consented to the sealing of these proceedings, to protect the defendant's ability to cooperate, to ensure the defendant's safety, and to protect the integrity of the ongoing investigation.

The Court further finds that disclosing the text and substance of the government's Motion and this Order would defeat the purpose of the request to seal, and therefore that both documents should be sealed in their entirety.

## III. Conclusion

Accordingly, the government's Motion to Seal is hereby GRANTED, as follows:

It is hereby ORDERED that

1. these proceedings be docketed as <u>United States v. John Doe</u>, No. 1:11-CR-379 on the Court's public docket;

2. the name and office affiliation of the defendant's counsel (e.g., firm or office, and city, state) be omitted from the Court's public docket; and

3. all filings and docket entries be sealed, to include the government's Motion, this Order, and any ensuing orders, the defendant's Waiver of Indictment, Criminal Information No. 1:11-CR-379, Defendant Information Sheet, Consent to Transfer Case for Plea  and  Sentence, Rule 20

4

Transfer Notice, and any ensuing orders or docket entries necessary to execute the transfer; and

4.  The seal shall expire after a period of ninety (90) days from the date of this Order, unless the government presents grounds for the seal to be extended further.

So ORDERED this 8th day of August, 2011.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

U S Department of Justice
United States Attorney

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DIVISION _Atlanta_
(USAO 2011R00934)

AUG - 8 2011

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION
IN UNITED STATES DISTRICT COURT**

JAMES N. HATTEN, Clerk
By: _Denise Ponkread_
Deputy Clerk

COUNTY NAME: _Fulton_

DISTRICT COURT NO. _1:11-CR-379_
MAGISTRATE CASE NO. _____

**UNDER SEAL**

__ Indictment                    _X_ Information                    __ Magistrate's Complaint

DATE: _____          DATE: 8/8/11          DATE: _____

| UNITED STATES OF AMERICA vs. **JOHN DOE** | SUPERSEDING |
|---|---|
|  | Prior Case No. & Date Filed |

VIOLATION:

COUNTS CHARGED:                    TOTAL COUNTS:
(as to deft)                      (as to deft)
GREATER OFFENSE CHARGED:
_X_ Felony          __ Misdemeanor

**DEFENDANT:**

IS NOT IN CUSTODY:

1. __ Has not been arrested pending outcome of this proceeding.
   If not detained, give date any prior summons was served on above charges _____
2. __ Fugitive.
3. _X_ Is on bail or release from (district, state & date):
   SDNY

DATE OF ARREST: _____
   Or if arresting agency & warrant were not Federal:

DATE TRANSFERRED TO U.S. CUSTODY: _____
   Are there any outstanding warrants in this proceeding __ Yes __ No
   Date: _____          Issued by: _____

IS IN CUSTODY:

4. __ On this charge.
5. __ On another conviction.
6. __ Awaiting trial on other charges __ Yes __ No
   ____ Federal ____ State
   If Yes, show name of institution _____
   Has detainer been filed __ Yes          __ No
   If Yes, give date _____

| ADDITIONAL INFORMATION OR COMMENTS: | MAGISTRATE: _____ |
|---|---|
|  | JUDGE: _____ |
|  | A.U.S.A.: _David M. Chaiken_ |
|  | DEFT'S ATTY: |

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY
BY: _David M. Chaiken_
Assistant United States Attorney

DATE: _8/8/11_